IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TONI SHEPARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:08CV679 |
| ) | |
| LOWE'S FOOD STORES, INC., ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

BEATY, Chief District Judge.

This matter comes before the Court pursuant to Defendant's Motion to Dismiss [Doc. #9] and Plaintiff's Motion to Strike [Doc. #15]. Plaintiff's lawsuit, which was removed from North Carolina state court to this Court, alleged claims for (1) employment discrimination and retaliation in violation of the Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12111 et seq., ("ADA"); (2) violations of the North Carolina Persons with Disabilities Protection Act, N.C. Gen. Stat. § 168A-11 et seq., ("NCPDPA"); (3) Intentional Infliction of Emotional Distress ("IIED"); (4) Negligent Infliction of Emotional Distress ("NIED"); and (5) "Retaliation/Constructive Discharge."

I. FACTUAL BACKGROUND

Plaintiff Toni Shepard[1] ("Plaintiff") was employed by Defendant Lowe's Food Stores, Inc. ("Defendant" or "Lowe's"), as a merchandise clerk beginning in November 1995. In June

---

[1] Throughout the pleadings, Plaintiff's last name has been variously spelled "Shepherd" or "Shepard." For purposes of this Memorandum Opinion and Order, the Court will use the spelling "Shepard," as listed in the caption of the Complaint.

2006, Plaintiff was placed on medical leave due to an impairment that she contends "substantially limit[ed] a major life activity." (Pl.'s Compl. [Doc. #3] at ¶ 5.) When Plaintiff attempted to return from leave later that year, she alleged that Defendant Lowe's refused to make reasonable accommodations for her disability, and that instead, she was offered a position that was not equivalent to her former post and provided reduced pay.

On December 8, 2006, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). After conducting a preliminary investigation, the EEOC sent Plaintiff a Right to Sue letter on February 28, 2007. On May 29, 2007, exactly 90 days after receiving her Right to Sue letter, Plaintiff filed a Complaint in Guilford County Superior Court. On the same day the Complaint was filed, May 29, 2007, Plaintiff caused an Alias and Pluries Summons to be issued. On August 2, 2007, Plaintiff renewed her Alias and Pluries Summons. This August 2, 2007 renewal came within ninety (90) days of her May 29, 2007 Alias and Pluries Summons. On November 2, 2007, however, Plaintiff again renewed her Alias and Pluries Summons. This November 2, 2007 renewal came ninety-two (92) days after the August 2, 2007 Alias and Pluries Summons had been issued.

On November 7, 2007, after the Alias and Pluries Summons had been renewed on November 2, 2007, Plaintiff appeared in Guilford County Superior Court in Defendant's absence, purportedly unable to obtain service on Defendant. The case was ordered continued until February 21, 2008. Subsequently, on November 8, 2007, Plaintiff claims to have properly obtained service of the Complaint and Summons on Defendant. Defendant maintains however, that the Summons was served, but was not accompanied by a copy of the Complaint. Plaintiff

2

filed a Motion for Entry of Default on March 5, 2008, mailing a copy to Defendant. The Guilford County Superior Court ordered the Entry of Default against Defendant on March 11, 2008.

On March 18, 2008, the parties purportedly reached an agreement pursuant to which Plaintiff agreed to set aside the Entry of Default in exchange for Defendant waiving defenses related to service defects, although the terms of that agreement remain in dispute. This agreement was not reduced to writing at the time it was allegedly entered into, and the only tangible evidence thereof comes in the form of letters sent between the parties in August 2008, five months after the agreement was purportedly made, with differing terms and provisions asserted by each side. Defendant has now filed the present Motion to Dismiss contending that Plaintiff's ADA claims are time-barred because the Complaint should be deemed filed on November 2, 2007, when the Alias and Pluries Summons was untimely renewed. However, Plaintiff contends that Defendant waived these issues as part of their agreement, and Plaintiff has further moved to Strike Defendant's Motion to Dismiss. Both motions will be discussed in turn.

II. PENDING MOTIONS

    A. Defendant's Motion to Dismiss

        1. Plaintiff's ADA Claim

Defendant's Motion to Dismiss [Doc. #9] seeks to dismiss Plaintiff's ADA claim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that the Court lacks subject matter jurisdiction over the action because it is time-barred under 42 U.S.C.

3

§ 2000e-5(f)(1). In relevant part, 42 U.S.C. § 2000e-5(f)(1) states that after a claimant has received a Right to Sue letter from the EEOC, "within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge[.]" The ninety-day filing requirement under 42 U.S.C. § 2000e "is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. TWA, 455 U.S. 385, 393, 102 S. Ct. 1127, 1132 (1982); see also Jones v. Calvert, 551 F.3d 297, 301 (4th Cir. 2009) (holding that while the failure to exhaust administrative remedies deprives federal courts of jurisdiction over a discrimination claim, "the *untimeliness* of an administrative charge does not affect federal jurisdiction" over such a claim). Because the ninety-day filing requirement is a non-jurisdictional requirement, the failure to comply with this requirement cannot form the basis of a Rule 12(b)(1) Motion to Dismiss for lack of subject matter jurisdiction. For this reason, Defendant's Motion to Dismiss Plaintiff's ADA claim is more properly considered a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). See Laber v. Harvey, 438 F.3d 404, 434 (4th Cir. 2006) (holding that "the line separating [Rule 12(b)(1) and 12(b)(6)] has recently become even more indefinable"); Glendale Neighborhood Ass'n v. Greensboro Hous. Auth., 956 F. Supp. 1270, 1273 n.1 (M.D.N.C. 1996) (construing motion to dismiss for lack of subject matter jurisdiction as a motion to dismiss for failure to state a claim); see also Mercado v. Ritz-Carlton, 410 F.3d 41, 46 (1st Cir. 2005), Truitt v. Cty. of Wayne, 148 F.3d 644, 47 (6th Cir. 1998). Accordingly, the Court will treat it as such.

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint on its face and

does not seek to address any factual disputes. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). A motion to dismiss will only be granted when the facts alleged by the plaintiff fail to support a claim entitling the plaintiff to relief. Id. When reviewing a defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim, the facts alleged in the complaint must be taken as true and all reasonable factual inferences must be drawn in the plaintiff's favor. Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002). Further, the factual allegations raised in the complaint "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true," and they must "plausibly suggest an entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); Ashcroft v. Iqbal, 129 S.Ct 1937, 1951, 173 L. Ed. 2d 868, 886 (2009).

Rule 12(b)(6) motions to dismiss may properly raise a statute of limitations defense where the defense is apparent from the face of the complaint. Wright v. United States Postal Serv., 305 F. Supp. 2d 562, 563 (D. Md. 2004) (citing Pantry Pride Enters., Inc. v. Glenlo Corp., 729 F.2d 963, 965 (4th Cir. 1984)). "Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Am. Int'l Specialty Lines Ins. Co. v. A.T. Massey Coal Co., 628 F. Supp. 2d 674, 678 (E.D.Va. 2009) (quoting Witthohn v. Fed. Ins. Co., 164 Fed. Appx. 395, 396 (4th Cir. 2006)). However, a court may still consider matters of public record and items appearing in the record of the case without converting the motion into a motion for summary judgment. Clark v. BASF Corp. Salaried Employees Pension Plan, 329 F. Supp. 2d 694, 697

5

(W.D.N.C. 2004), aff'd, Clark v. BASF Corp. Salaried Employees Pension Plan, 142 Fed. Appx. 659 (4th Cir. 2005). In actions removed from state court, even those arising from federal law, the federal courts honor state court rules governing the commencement of civil actions, including filing, process, and service of process rules. See Fed. R. Civ. P. 81(c); see also Herb v. Pitcairn, 324 U.S. 117, 120, 65 S. Ct. 459, 460 (1945); Ashe v. Styles, 39 F.3d 80, 86 (4th Cir. 1994); Winkels v. George A. Hormel & Co., 874 F.2d 567, 570 (8th Cir. 1989).

Here, Defendant's Motion to Dismiss relies upon Plaintiff's failure to renew her Alias and Pluries Summons within the proper statutory timeframe and the consequent running of the statute of limitations for the ADA claim. Specifically, Defendant maintains that as a matter of state law, Plaintiff's failure to renew her Alias and Pluries Summons within ninety days of August 2, 2007, caused her Complaint to have been deemed filed on November 2, 2007. Since Plaintiff's Complaint was not deemed filed until November 2, 2007, well beyond ninety days from Plaintiff's February 28 receipt of her Right to Sue Letter, Defendant contends that Plaintiff's ADA action is time-barred pursuant to 42 U.S.C. § 2000e-5(f)(1). (Def.'s Memo in Support of Mot. to Dismiss [Doc. #10] at 3-5). However, Plaintiff alleges that Defendant has waived any such defenses by means of the parties' March 2008 agreement. (Pl.'s Resp. to Def.'s Mot. to Dismiss [Doc. #14] at 1). In this regard, even if the state law provisions are not waiveable and the Complaint is deemed filed on November 2, as noted above, the ninety-day filing requirement under 42 U.S.C. § 2000e is itself subject to waiver, estoppel, and equitable tolling. See Zipes, 455 U.S. at 393, 102 S. Ct. at 1132. Thus, the determination of the statute of limitations defense ultimately requires consideration of whether that defense was waived by the

6

agreement of the parties.

Having considered the contentions of the parties, the Court concludes that evaluating the merits of these claims pursuant to a Rule 12(b)(6) motion to dismiss would require the Court to consider matters that necessarily fall outside of Plaintiff's Complaint, particularly, the terms of the parties' purported agreement. Because these matters involve disputed factual issues related to an affirmative defense, it would be premature for the Court to consider these matters at this early stage, before Plaintiff has been given a reasonable opportunity for response and discovery regarding these claims. Accordingly, this case will proceed with discovery on the federal and state law claims alleged by Plaintiff. To the extent that Defendant seeks to pursue the statute of limitations defense discussed herein, discovery shall also extend to the terms of the parties' agreement insofar as that agreement involves, as Plaintiff contends, the alleged waiver of that defense. For these reasons, Defendant's Motion to Dismiss with regard to Plaintiff's ADA claim will be denied without prejudice to Defendant's ability to raise these issues in a motion for summary judgment at the appropriate time.

        2.        Plaintiff's State Law Claims

Defendant also seeks to dismiss Plaintiff's remaining state law claims for discrimination, IIED, NIED, and retaliation/constructive discharge. Plaintiff asserts that it would be premature for the Court to dismiss these claims at this time, since evidence to be obtained during discovery, including other acts of discrimination, will further substantiate these claims. In this regard, because Plaintiff's ADA claim is not the subject to Defendant's Motion to Dismiss and will be proceeding, the Court will reserve any further rulings with respect to Plaintiff's state law claims.

Therefore, Defendant's Motion to Dismiss with regard to Plaintiff's state law claims will be denied without prejudice to Defendant's ability to subsequently raise these issues in a motion for summary judgment at the appropriate time.

B.  Plaintiff's Motion to Strike

Finally, the Court notes that Plaintiff has filed a "Motion to Strike the Defendant's Answer and Motion to Dismiss" [Doc. #15]. Plaintiff moves pursuant to "Rule 12(f) of the North Carolina Rules of Civil Procedure and Rule 12(f) of the Federal Rules of Civil Procedure to strike defendant's Answer and all responsive pleadings containing affirmative defenses for failure to file in the time permitted by Rule 12(a)(1) of the North Carolina Rules of Civil Procedure and Rule 12(a)(1) of the Federal Rules of Civil Procedure. Furthermore, plaintiff moves this court to strike defendant's Motion to Dismiss." (Pl.'s Mot. to Strike [Doc. #15] at 1).

Motions to strike pursuant to Federal Rule of Civil Procedure 12(f) are strictly construed and are generally viewed with disfavor. Buser v. S. Food Serv., 73 F. Supp. 2d 556, 560 (M.D.N.C. 1999); see also Waste Management Holdings, Inc. v. Gilmore, 252 F. 3d 316, 347 (4th Cir. 2001). A motion to strike may be directed only towards material contained in a "pleading." Fed. R. Civ. P. 12(f). A pleading is defined as "a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a cross claim, an answer to a third-party complaint, or a court-ordered reply to an answer." Fed. R. Civ. P. 7(a). A motion to dismiss however, is not a pleading, and may not therefore be the target of a 12(f) motion to strike. See MJ Harbor Hotel, LLC v. McCormick & Schmick Rest. Corp., 599 F. Supp. 2d 612, 623 (D. Md.

8

2009); Thomas v. BET Sound-Stage Rest./Brettco, Inc., 61 F. Supp. 2d 448, 458 (D. Md. 1999) ("As motions to dismiss are not pleadings, Plaintiff's motions to strike are inappropriate.").

In this case, Defendant has yet to file an answer or other pleading within the meaning of Rule 12(f). The only item filed by Defendant that is currently pending before the Court is its Motion to Dismiss [Doc. #9], which will be denied. Therefore, Plaintiff's Motion to Strike is moot. Moreover, to the extent Plaintiff in her Motion to Strike contends that Defendant's removal was untimely, Plaintiff has not moved to remand, and in any event, Defendant's removal and Motion to Dismiss do not appear to be untimely on the record before the Court. Therefore, Plaintiff's Motion to Strike will be denied.

III. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss [Doc. #9] is DENIED, and Plaintiff's Motion to Strike [Doc. #15] is also DENIED.

This, the 7th day of December, 2009.

/s/ James A. Beaty
United States District Court Judge